IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| THE NOCO COMPANY, an Ohio corporation,<br><br>      Plaintiff,<br><br>v.<br><br>DELTONA TRANSFORMER CORPORATION, a Florida Corporation.<br><br>      and<br><br>DELTRAN USA, LLC, a Florida Limited Liability Company<br><br>      Defendants. | Case 6:20-cv-00050-PGB-GJK |

### DEFENDANT DELTONA TRANSFORMER CORPORATION'S ANSWER TO THE AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

Defendant Deltona Transformer Corporation ("DTC" or "Defendant") by and through its undersigned counsel, hereby answers the Amended Complaint of Plaintiff The NOCO Company ("NOCO" or "Plaintiff"), following the respectively numbered paragraphs of the Complaint, as follows:

### Nature of the Action

1.     The allegation contained in Paragraph 1 sets forth a legal conclusion to which no response is required.  DTC admits that Plaintiff purports to state a claim for patent infringement, and DTC denies all allegations of infringement.  Any remaining allegations in this Paragraph are denied.

**Jurisdiction and Venue**

2. The allegations contained in Paragraph 2 set forth legal conclusions to which no response is required. To the extent necessary, DTC does not contest the Court's subject-matter jurisdiction over Plaintiff's asserted claims; however, DTC denies involvement in the allegedly infringing activity and avers Plaintiff has named the wrong party as a defendant in this action. Any remaining allegations in this Paragraph are denied.

3. The allegations contained in Paragraph 3 set forth legal conclusions to which no response is required. To the extent necessary, DTC does not contest the Court's exercise of personal jurisdiction for purposes of this action; however, DTC denies involvement in the allegedly infringing activity and avers Plaintiff has named the wrong party as a defendant in this action. Any remaining allegations in this Paragraph are denied.

4. The allegations contained in Paragraph 4 set forth legal conclusions to which no response is required. To the extent any allegations in this Paragraph are directed toward DTC, they are denied.

5. The allegations contained in Paragraph 5 set forth legal conclusions to which no response is required. To the extent necessary, DTC does not contest the venue of this matter in this District for purposes of this action; however, DTC denies involvement in the allegedly infringing activity and avers Plaintiff has named the wrong party as a defendant in this action. Any remaining allegations in this Paragraph are denied.

**Parties**

6. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6. Accordingly, these allegations are denied.

7. DTC admits that it is a corporation organized under the laws of the State of Florida with its principal place of business in Deland, Florida. Any remaining allegations in this Paragraph are denied.

8. To the extent any allegations in this Paragraph are directed toward DTC, they are denied.

## Background

### NOCO and Its NOCO GENIUS BOOST® Jump Starter

9. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9. Accordingly, these allegations are denied.

10. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10. Accordingly, these allegations are denied.

11. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11. Accordingly, these allegations are denied.

12. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12. Accordingly, these allegations are denied.

13. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13. Accordingly, these allegations are denied.

14. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14. Accordingly, these allegations are denied.

15. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15. Accordingly, these allegations are denied.

**NOCO's U.S. Patent No. 9,007,015**

16. DTC admits that United States Patent No. 9,007,015 (the "'015 Patent") purports on its face to have issued on April 14, 2015 from an application filed on July 3, 2014. DTC lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16. Accordingly, these allegations are denied.

17. The disclosure of the '015 Patent speaks for itself. To the extent any allegations in this Paragraph are directed toward DTC, they are denied.

**Defendants' Alleged Infringing Conduct**

18. DTC admits that Paragraph 16 recites language from Claim 1 of the '015 Patent. DTC denies the remaining allegations of this Paragraph.

19. Denied. DTC specifically denies that it makes, uses, offers to sell, sells, and/or imports three compact lithium jump starter models and avers Plaintiff has named the wrong party as a defendant in this action.

**Alleged Infringement By the Portable Power Pack**

20. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20. Accordingly, these allegations are denied.

21. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21. Accordingly, these allegations are denied.

22. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22. Accordingly, these allegations are denied.

23. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23. Accordingly, these allegations are denied.

24. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24. Accordingly, these allegations are denied.

25. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25. Accordingly, these allegations are denied.

26. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26. Accordingly, these allegations are denied.

**Alleged Infringement By the Starter / Power Bank Models**

27. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27. Accordingly, these allegations are denied.

28. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28. Accordingly, these allegations are denied.

29. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29. Accordingly, these allegations are denied.

30. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30. Accordingly, these allegations are denied.

31. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31. Accordingly, these allegations are denied.

32. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32. Accordingly, these allegations are denied.

33. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33. Accordingly, these allegations are denied.

## COUNT I – Claim for Relief

## Direct Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,007,015

34. DTC adopts, repeats and realleges each and every response previously set forth in paragraphs 1-33 in this Answer as if fully set forth in this paragraph.

35. The allegation contained in Paragraph 35 sets forth a legal conclusion to which no response is required. DTC admits that Plaintiff purports to state a claim for patent infringement, and DTC denies all allegations of infringement.

36. Denied.

37. DTC lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37. Accordingly, these allegations are denied.

38. Denied.

39. Denied.

40. Denied.

## PRAYER FOR RELIEF

DTC hereby incorporates its foregoing responses to Paragraphs 1-40 of the Complaint and denies that Plaintiff is entitled to any relief of judgment whatsoever, including from DTC, either as prayed for in the Complaint or otherwise. DTC respectfully requests judgment dismissing all claims, with an award of its attorneys' fees and costs, and against The NOCO Company in all respects.

## AFFIRMATIVE DEFENSES

1. DTC does not make, use, sell, offer for sale, or import the alleged Infringing Devices.

2. The Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff's requested relief is barred, in whole or in part, under principles of equity, including without limitation, prosecution history estoppel, laches, waiver, unclean hands, or estoppel.

4. DTC does not infringe and has not infringed, literally or by the doctrine of equivalents, any valid and enforceable claim of the '015 Patent, either directly, contributorily, by inducement, jointly, willfully, or in any other matter.

5. Each asserted claim of the '015 Patent is invalid or unenforceable for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

6. Plaintiff's requested relief is barred, in whole or in part, under 35 U.S.C. §§ 286-288.

7. Plaintiff cannot prove this is an exceptional case and thus is precluded from seeking recovery of attorneys' fees under 35 U.S.C. § 285.

8. Because of limitations in the claims of the '015 Patent, statements made in the specifications of the '015 Patent, prior art to the '015 Patent, or proceedings in the U.S. Patent and Trademark Office during prosecution of the applications that led to the issuance of the '015 Patent, Plaintiff is estopped from asserting that claims of the '015 Patent cover any apparatus, device, or product of DTC.

9. DTC has not willfully infringed and is not willfully infringing the asserted claims of the '015 Patent in the Complaint.

10. Plaintiff's claims for damages predating the filing of this lawsuit are barred or limited to the extent that Plaintiff failed to provide actual or constructive notice as required by 35 U.S.C. § 287 or otherwise.

11. Plaintiff is not entitled to any injunctive relief as it has, at a minimum, no irreparable injury and has an adequate remedy at law.

12. To the extent that Plaintiff asserts that DTC indirectly infringed, either by contributory infringement or inducement of infringement, DTC is not liable to Plaintiff for the acts alleged to have been performed before DTC knew that its actions were alleged to constitute indirect infringement.

13. By pleading these defenses, DTC does not in any way agree or concede that DTC has the burden of proof or persuasion on any of these issues. DTC reserves the right to assert additional defenses, including those listed in Fed. R. Civ. P. 8(c), which may be learned during discovery and further factual investigation in this case.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant Deltona Transformer Corporation demands a trial by jury as to all issues so triable.

Dated: March 4, 2020                                   Respectfully submitted,

**FOX ROTHSCHILD LLP**

*/s/ Christopher R. Kinkade*
Megan A. McNamara
Florida Bar No. 112636
777 South Flagler Drive
Suite 1700, West Tower
West Palm Beach, FL 33401
Tel.: (561) 835-9600
Fax: (561) 835-9602
Email: mmcnamara@foxrothschild.com

Christopher R. Kinkade
(*Pro Hac Vice*)
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, New Jersey 08648-2311
Tel: (609) 896-3600
Fax: (609-896-1469
Email: ckinkade@foxrothschild.com

Jonathan R. Lagarenne
(*Pro Hac Vice*)
1225 17th Street, Suite 2200
Denver, CO 80202
Tel: (303) 292-1200
Fax: (609) 292-1300
Email: jlagarenne@foxrothschild.com

Ryan N. Miller
(*Pro Hac Vice*)
PA Bar No. 310126
2000 Market Street, 20th Floor
Philadelphia, PA  19103
Email: rmiller@foxrothschild.com

*Counsel for Defendant*
*Deltona Transformer Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4, 2020 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Christopher R. Kinkade*
Christopher R. Kinkade