IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| THE NOCO COMPANY, an Ohio corporation,<br><br> Plaintiff,<br><br>v.<br><br>DELTONA TRANSFORMER CORPORATION, a Florida Corporation.<br><br> and<br><br>DELTRAN USA, LLC, a Florida Limited Liability Company<br><br> Defendants. | Case 6:20-cv-00050-PGB-GJK |

**DEFENDANT DELTRAN USA, LLC'S ANSWER TO THE
AMENDED COMPLAINT, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS AND DEMAND FOR JURY TRIAL**

Defendant Deltran USA, LLC ("Deltran" or "Defendant") by and through its undersigned counsel, hereby answers the Amended Complaint of Plaintiff The NOCO Company ("NOCO" or "Plaintiff"), following the respectively numbered paragraphs of the Amended Complaint, as follows:

**Nature of the Action**

1. The allegation contained in Paragraph 1 sets forth a legal conclusion to which no response is required. Deltran admits that Plaintiff purports to state a claim for patent infringement, and Deltran denies all allegations of infringement. Any remaining allegations in this Paragraph are denied.

**Response to Allegations Regarding Jurisdiction and Venue**

2. The allegations contained in Paragraph 2 set forth legal conclusions to which no response is required. To the extent necessary, Deltran does not contest the Court's subject-matter jurisdiction over Plaintiff's asserted claims. Any remaining allegations in this Paragraph are denied.

3. The allegations contained in Paragraph 3 set forth legal conclusions to which no response is required. To the extent any allegations in this Paragraph are directed toward Deltran, they are denied.

4. The allegations contained in Paragraph 4 set forth legal conclusions to which no response is required. To the extent necessary, Deltran does not contest the Court's exercise of personal jurisdiction for purposes of this action. Any remaining allegations in this Paragraph are denied.

5. The allegations contained in Paragraph 5 set forth legal conclusions to which no response is required. To the extent necessary, Deltran does not contest the venue of this matter in this District for purposes of this action. Any remaining allegations in this Paragraph are denied.

**Parties**

6. Deltran lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6. Accordingly, these allegations are denied.

7. To the extent any allegations in this Paragraph are directed toward Deltran, they are denied.

8.  Deltran admits that it is a corporation organized under the laws of the State of Florida with its principal place of business in Deland, Florida. Any remaining allegations in this Paragraph are denied.

### Background

### NOCO and Its NOCO GENIUS BOOST® Jump Starter

9.  Deltran lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9. Accordingly, these allegations are denied.

10.  Deltran lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10. Accordingly, these allegations are denied.

11.  Deltran lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11. Accordingly, these allegations are denied.

12.  Deltran lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12. Accordingly, these allegations are denied.

13.  Deltran lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13. Accordingly, these allegations are denied.

14.  Deltran lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14. Accordingly, these allegations are denied.

15.  Deltran lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15. Accordingly, these allegations are denied.

### NOCO's U.S. Patent No. 9,007,015

16.  Deltran admits that United States Patent No. 9,007,015 (the "'015 Patent") purports on its face to have issued on April 14, 2015 from an application filed on July 3, 2014.

Deltran lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16.  Accordingly, these allegations are denied.

17. The disclosure of the '015 Patent speaks for itself.  To the extent any allegations in this Paragraph are directed toward Deltran, they are denied.

### Defendants' Alleged Infringing Conduct

18. Deltran admits that Paragraph 16 recites language from Claim 1 of the '015 Patent.  Deltran denies the remaining allegations of this Paragraph.

19. Denied.

### Alleged Infringement by the Portable Power Pack

20. Denied.

21. Denied except that the document attached to the Complaint as Exhibit 2 speaks for itself.

22. Denied except that the document attached to the Complaint as Exhibit 2 speaks for itself.

23. Denied except that the document attached to the Complaint as Exhibit 2 speaks for itself.

24. Denied except that the document attached to the Complaint as Exhibit 2 speaks for itself.

25. Denied.

26. Denied.

### Alleged Infringement by the Starter / Power Bank Models

27. Denied.

28. Denied except that the document attached to the Complaint as Exhibit 3 speaks for itself.

29. Denied except that the documents attached to the Complaint as Exhibits 4 and 5 speak for themselves.

30. Denied except that the documents attached to the Complaint as Exhibits 4 and 5 speak for themselves.

31. Denied.

32. Denied.

33. Denied.

## COUNT I – Claim for Relief

### Direct Infringement Under 35 U.S.C. § 271 of U.S. Patent No. 9,007,015

34. Deltran adopts, repeats and realleges each and every response previously set forth in paragraphs 1-33 in this Answer as if fully set forth in this paragraph.

35. The allegation contained in Paragraph 35 sets forth a legal conclusion to which no response is required. Deltran admits that Plaintiff purports to state a claim for patent infringement, and Deltran denies all allegations of infringement.

36. Denied.

37. Deltran lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37. Accordingly, these allegations are denied.

38. Denied.

39. Denied.

40. Denied.

## PRAYER FOR RELIEF

Deltran hereby incorporates its foregoing responses to Paragraphs 1-40 of the Amended Complaint and denies that Plaintiff is entitled to any relief of judgment whatsoever, including from Deltran, either as prayed for in the Amended Complaint or otherwise. Deltran respectfully requests judgment dismissing all claims, with an award of its attorneys' fees and costs, and against The NOCO Company in all respects.

## AFFIRMATIVE DEFENSES

1. Deltran does not make, use, sell, offer for sale, or import the alleged Infringing Devices.

2. The Amended Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff's requested relief is barred, in whole or in part, under principles of equity, including without limitation, prosecution history estoppel, laches, waiver, unclean hands, or estoppel.

4. Deltran does not infringe and has not infringed, literally or by the doctrine of equivalents, any valid and enforceable claim of the '015 Patent, either directly, contributorily, by inducement, jointly, willfully, or in any other matter.

5. Each asserted claim of the '015 Patent is invalid or unenforceable for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

6. Plaintiff's requested relief is barred, in whole or in part, under 35 U.S.C. §§ 286-288.

7. Plaintiff cannot prove this is an exceptional case and thus is precluded from seeking recovery of attorneys' fees under 35 U.S.C. § 285.

8. Because of limitations in the claims of the '015 Patent, statements made in the specifications of the '015 Patent, prior art to the '015 Patent, or proceedings in the U.S. Patent and Trademark Office during prosecution of the applications that led to the issuance of the '015 Patent, Plaintiff is estopped from asserting that claims of the '015 Patent cover any apparatus, device, or product of Deltran.

9. Deltran has not willfully infringed and is not willfully infringing the asserted claims of the '015 Patent in the Complaint.

10. Plaintiff's claims for damages predating the filing of this lawsuit are barred or limited to the extent that Plaintiff failed to provide actual or constructive notice as required by 35 U.S.C. § 287 or otherwise.

11. Plaintiff is not entitled to any injunctive relief as it has, at a minimum, no irreparable injury and has an adequate remedy at law.

12. To the extent that Plaintiff asserts that Deltran indirectly infringed, either by contributory infringement or inducement of infringement, Deltran is not liable to Plaintiff for the acts alleged to have been performed before Deltran knew that its actions were alleged to constitute indirect infringement.

13. By pleading these defenses, Deltran does not in any way agree or concede that Deltran has the burden of proof or persuasion on any of these issues. Deltran reserves the right to assert additional defenses, including those listed in Fed. R. Civ. P. 8(c), which may be learned during discovery and further factual investigation in this case.

## COUNTERCLAIMS

### THE PARTIES

1. Counterclaimant Deltran USA, LLC ("Deltran") is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 801 E International Speedway Blvd, DeLand, Florida 32724.

2. Upon information and belief, Counterclaim Defendant The NOCO Company, Inc. ("NOCO") is a corporation organized and existing under the laws of the State of Ohio with its principal place of business at 30339 Diamond Pkwy #102, Glenwillow, Ohio 44139.

### JURISDICTION AND VENUE

3. These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 101 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has subject matter jurisdiction over the Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. This Court has personal jurisdiction over NOCO, and venue is proper in this Judicial District, because NOCO has invoked the jurisdiction of this Court by filing its Amended Complaint in this Court.

### Count I: Declaration of Invalidity of the '015 Patent

5. Deltran incorporates by reference the preceding paragraphs of these Counterclaims as though fully set forth herein.

6. This Counterclaim is for declaratory relief pursuant to 28 U.S.C. §§ 2201-2202, and seeks a declaration under the patent laws of the United States that the asserted claim(s) of the '015 Patent are invalid. This Counterclaim relates directly to claims asserted by NOCO in

the Amended Complaint. Asserts infringement of one or more claims of the '015 Patent and implies these claims are valid by virtue of having been "granted and issued" by the United States Patent and Trademark Office ("USPTO") (*see* Amended Complaint, at ¶ 16). Deltran contends that the asserted claims(s) of the '015 Patent are invalid. Therefore, an actual controversy exists between the parties under Article III of the United States Constitution.

7. The asserted claim(s) of the '015 Patent are invalid under 35 U.S.C. §§ 102, 103 and/or 112.

8. On information and belief, one or more products that include each and every limitation of at least claim 1 of the '015 Patent were on the market, sold to and used by consumers, and publicly disclosed in the United States prior to the effective filing date of the '015 Patent, and were on sale more than one year prior to the earliest effective priority date of the '015 Patent.

9. On information and belief, one or more patents or other printed publications disclosed each and every limitation of at least claim 1 of the '015 Patent prior to the earliest effective priority date of the '015 Patent.

10. On information and believe, a person of ordinary skill in the art would have been motivated to combine one or more of the prior art products and/or one or more prior art references to achieve the asserted claim(s) of the '015 Patent.

### Count II: Declaration of Non-Infringement of the '015 Patent

11. Deltran incorporates by reference the preceding paragraphs of these Counterclaims as though fully set forth herein.

12. Deltran manufactures and sells portable vehicle battery chargers and jump-starters.

13. Deltran's products do not infringe one or more claims of the '015 Patent because they lack one or more required limitations of those claims, either literally or under the doctrine of equivalents, including but not limited to the microcontroller, the vehicle battery isolation sensor, and/or the reverse polarity sensor as claimed in the '015 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Deltran respectfully prays the Court grant the following relief:

(1) That judgment be entered in favor of Deltran;

(2) That this Court enter an Order declaring that the asserted claim(s) of the '015 Patent is or are invalid;

(3) That this Court enter an Order declaring that the asserted claim(s) of the '015 Patent is or are not infringed by Deltran products

(4) That this Court declare this to be an exceptional case under 35 U.S.C. § 285;

(5) That this Court award Deltran its costs in this action, together with reasonable attorneys' fees and pre-judgment and post-judgment interest; and

(6) That this Court grant Deltran such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant Deltran USA LLC demands a trial by jury as to all issues so triable.

Dated:  March 12, 2020                                  Respectfully submitted,

                                                **FOX ROTHSCHILD LLP**

                                             */s/ Christopher R. Kinkade*
                                             Megan A. McNamara
                                             Florida Bar No. 112636
                                             777 South Flagler Drive
                                             Suite 1700, West Tower
                                             West Palm Beach, FL 33401
                                             Tel.: (561) 835-9600
                                             Fax: (561) 835-9602
                                             Email:  mmcnamara@foxrothschild.com

                                             Christopher R. Kinkade
                                             (*Pro Hac Vice*)
                                             Princeton Pike Corporate Center
                                             997 Lenox Drive
                                             Lawrenceville, New Jersey 08648-2311
                                             Tel: (609) 896-3600
                                             Fax: (609-896-1469
                                             Email: ckinkade@foxrothschild.com

                                             Jonathan R. Lagarenne
                                             (*Pro Hac Vice*)
                                             1225 17th Street, Suite 2200
                                             Denver, CO 80202
                                             Tel: (303) 292-1200
                                             Fax: (609) 292-1300
                                             Email: jlagarenne@foxrothschild.com

                                             Ryan N. Miller
                                             (*Pro Hac Vice*)
                                             PA Bar No. 310126
                                             2000 Market Street, 20th Floor
                                             Philadelphia, PA  19103
                                             Email: rmiller@foxrothschild.com

                                             *Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on March 12, 2020 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                     */s/ Christopher R. Kinkade*
                                     Christopher R. Kinkade